UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
AARON P. MCIVER,            )
                            )
    Petitioner,             )
                            )
    v.                      )    Criminal Action No. 01-01 (RWR)
                            )
UNITED STATES OF AMERICA,   )
                            )
    Respondent.             )
_____ )

## MEMORANDUM OPINION

Petitioner Aaron P. McIver was convicted by a jury of possession with intent to distribute five grams or more of cocaine base and possession of a large capacity ammunition feeding device, and was sentenced in 2002. He moves under 28 U.S.C. § 2255 to have his sentence vacated, asserting that under United States v. Booker, 543 U.S. 220 (2005), his sentence violated the Sixth Amendment because it was based on facts that were not proven to a trier of fact beyond a reasonable doubt. Because Booker does not apply retroactively to his case, McIver's petition will be denied.

### BACKGROUND

McIver was charged by indictment with possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count One), using, carrying, and possessing a firearm during a drug trafficking

- 2 -

offense, in violation of 18 U.S.C. § 924(c)(1) (Count Two), and possessing a large ammunition feeding device, in violation of 18 U.S.C. § 922(w) (Count Three). A jury convicted McIver on Counts One and Three, but acquitted him on Count Two. At sentencing, a two-point sentencing enhancement was applied to the offense level under the federal sentencing guidelines based upon a judicial finding, by a preponderance of the evidence, that McIver carried and possessed a firearm during a drug trafficking offense. McIver was sentenced to concurrent terms of incarceration of ninety-seven months on Count One and sixty months on Count Three.

McIver alleges that his sentence violated the Sixth Amendment because it was enhanced based on facts that were not found by the jury and proven beyond a reasonable doubt.[1] He argues that Booker applies and that his sentence should be vacated.

## DISCUSSION

In Booker, the Supreme Court rendered the sentencing guidelines advisory upon holding that the mandatory guidelines violated the Sixth Amendment by requiring judges to impose enhanced sentences based on facts not admitted by the defendant or proved to a jury beyond a reasonable doubt. See id. at 244.

---

[1] McIver appealed the judgment on different grounds. The court of appeals affirmed his conviction and sentence, and the Supreme Court denied his petition for a writ of certiorari in 2004.

- 3 -

Although McIver's conviction became final several months before Booker was decided,[2] he argues that this principle should be applied to his case.  The government contends that Booker announced a new rule that does not apply retroactively to his case.

"A case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final."  Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis in original).  A result is not dictated by precedent if that result is not apparent to all reasonable jurists.  See Beard v. Banks, 542 U.S. 406, 413 (2004).  A new rule does not apply retroactively unless it "'places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe' or if it constitutes a 'watershed rule[] of criminal procedure' implicating fundamental fairness and accuracy of the criminal proceeding."  United States v. Agramonte, 366 F. Supp. 2d 83, 88 (D.D.C. 2005) (quoting Teague, 489 U.S. at 311).  Subject to these two exceptions, "new constitutional rules of criminal procedure will not be applicable

---

[2] "Finality attaches when [the Supreme] Court . . . denies a petition for a writ of certiorari."  Clay v. United States, 537 U.S. 522, 527 (2003).  Petitioner's conviction became final on October 4, 2004, when the Supreme Court denied certiorari.  The Supreme Court handed down its decision in Booker on January 12, 2005.

- 4 -

to those cases which have become final before the new rules are announced." Teague, 489 U.S. at 310.

McIver contends that the Supreme Court did not announce a new rule of criminal procedure in Booker. Instead, he asserts that Booker simply elaborated on the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and that Booker was effectively dictated by Apprendi and Blakely v. Washington, 542 U.S. 296 (2004). While Apprendi and Blakely considered the precise reach of the Sixth Amendment's right to trial by jury, prior to Booker it was unclear whether either case applied to the federal sentencing guidelines.[3] Notably, the Supreme Court pointedly declined to address the guidelines in Apprendi and Blakely. See Apprendi, 530 U.S. at 497 n.21 ("The Guidelines are . . . not before the Court."); Blakely, 542 U.S. at 305 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."). Moreover, the Court itself was deeply divided in Booker about whether Booker was compelled by Apprendi and Blakely. See Booker, 543 U.S. at 331-334 (Breyer, J., dissenting, joined by Rehnquist, C.J., O'Connor, J., and Kennedy, J.).

---

[3] Compare, e.g., United States v. Koch, 383 F.3d 436, 438 (6th Cir. 2004) ("[D]etermining that Blakely does not compel the conclusion that the Federal Sentencing Guidelines violate the Sixth Amendment."), with, e.g., United States v. Booker, 375 F.3d 508, 515 (7th Cir. 2004) (holding that the federal sentencing guidelines "violated the Sixth Amendment as interpreted in Blakely").

- 5 -

In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.  The D.C. Circuit had interpreted "statutory maximum" to mean the maximum sentence allowable under the applicable criminal statute. See United States v. Fields, 251 F.3d 1041, 1043-44 (D.C. Cir. 2001).  In Blakely, the Supreme Court held that the maximum sentence a judge may impose on a defendant must be based only on "facts reflected in the jury verdict or admitted by the defendant," not based on additional facts found by the judge. Blakely, 542 U.S. at 303 (emphasis removed) (applying Apprendi to a state sentencing guideline scheme).  The D.C. Circuit did not apply Apprendi or Blakely to the federal sentencing guidelines before Booker.  See Fields, 251 F.3d at 1043 (refusing to apply Apprendi to a federal sentencing guideline enhancement); United States v. West, 392 F.3d 450, 460 (D.C. Cir. 2004) (holding defendant may not attack sentence imposed under the federal sentencing guidelines by using Blakely or Apprendi).  This history does not establish that the result in Booker was universally apparent and that precedent dictated it.  See Agramonte, 366 F. Supp. 2d at 88 ("Although the decision in Booker derived from principles announced in Apprendi and Blakely,

- 6 -

. . . [Booker] was not dictated by existing precedent."). The weight of authority supports this conclusion.[4]

Additionally, Booker does not satisfy either of the Teague exceptions. First, Booker established a "procedural rule" which did not "place any particular conduct beyond the power of the law to proscribe." See United States v. Mathis, Crim. Action No. 97-334-04 (CKK), 2005 WL 692082, at *14 (D.D.C. Mar. 24, 2005) (internal quotation marks omitted) (citing Teague, 489 U.S. at 308). "Second, it cannot be characterized as a watershed rule of criminal procedure, because simply converting the Federal Sentencing Guidelines from mandatory to advisory is not so central to an accurate determination of innocence or guilt that any sentence imposed prior to this change would be seen as fundamentally unfair." Id. (internal quotation marks omitted) (citing Teague, 489 U.S. at 311, 313). Therefore, Booker "does not qualify for retroactive application" in cases on collateral review. Id. at *15; Agramonte, 366 F. Supp. 2d at 89 (concluding that "Booker should not be applied retroactively to cases on

---

[4] See Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005); United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005); United States v. Gentry, 432 F.3d 600, 605-06 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

- 7 -

collateral review"); see In re Zambrano, 433 F.3d 886 (D.C. Cir. 2006) (concluding "that Booker is not a new rule of constitutional law 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of 28 U.S.C. § 2255" when denying an application for leave to file a second § 2255 motion); cf. Booker, 543 U.S. at 268 (applying holding "to all cases on direct review" but not addressing retroactive application to cases on collateral review).  While the D.C. Circuit has not explicitly determined whether Booker applies retroactively to cases on collateral review in the context of an initial § 2255 motion, see Zambrano, 433 F.3d at 887, such a conclusion would comport with the holdings of every circuit that has considered the issue.[5]

## CONCLUSION

Because Booker was not dictated by precedent when McIver's conviction became final, and because applying Booker to this case would be contrary to the clear weight of authority, McIver's motion to vacate his sentence will be denied.  A final order accompanies this Memorandum Opinion.

SIGNED this 20th day of March, 2007.

/s/
RICHARD W. ROBERTS
United States District Judge

---

   [5]  See n.4 above.